NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4469
_____

SZAFERMAN, LAKIND, BLUMSTEIN & BLADER PC;
ROBERT A. GLADSTONE, ESQ.,

Appellants

v.

WESTPORT INSURANCE CORPORATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-10-cv-00652)
District Judge:  Hon. Peter G. Sheridan
_____

Argued on December 18, 2012

BEFORE:  McKEE, *Chief Judge*, and SLOVITER and VANASKIE, *Circuit Judges*

(Opinion Filed: May 22, 2013)

JEFFREY P. BLUMSTEIN, ESQ. (Argued)
Szaferman, Lakind, Blumstein & Blader
101 Grovers Mill Road, Suite 200
Quakerbridge Executive Center
Lawrenceville, NJ 08648
*Attorney(s) for Appellants*

ROBERT P. ARNOLD, ESQ. (Argued)
WALKER WILCOX MATOUSEK LLP
One North Franklin, Suite 3200
Chicago, IL 60606

*Attorney(s) for Appellees*

OPINION

McKEE, *Chief Judge*.

Szaferman, Lakind, Blumstein & Blader, PC, ("SLBB"), and Robert A. Gladstone,

Esq., appeal the District Court's grant of summary judgment in favor of Westport

Insurance Corporation ("Westport").   For the reasons that follow, we will affirm.

**I.**

Under New Jersey law, the "plain and ordinary" meaning of the terms of an

insurance policy controls.  *Zacarias v. Allstate Ins. Co.*, 775 A.2d 1262, 1264 (N.J.

2001).[1]  The plain language of the 2008-2009 Policy at the center of this dispute defines

"claim" as a demand made upon the insured for "loss," and a "loss" is defined as, *inter*

*alia*, any "monetary and compensatory portion of any judgment, award, or settlement."

Because the 2007 Bleimaier Counterclaim sought monetary damages, the District Court

correctly concluded that it was a claim under the Policy.  The District Court also found

that there were no terms left undefined when the contract was read as a whole.  *See*

*Hardy v. Abdul-Matin*, 965 A.2d 1165, 1169 (N.J. 2009) (holding contracts must be read

as one document).

Thus, as the District Court concluded, there was no basis to preclude enforcement

of the provision at issue here.  *See G-I Holdings v. Hartford Fire Insurance Co.*, 2007

---

[1] Appeals predicated on principles of New Jersey insurance law require consideration of all New Jersey Supreme Court precedent addressing the matter in dispute.  *Illinois Nat'l Ins. Co. v. Wyndham Worldwide Ops., Inc.*, 653 F.3d 225, 231 (3d Cir. 2011).  When such precedent is lacking, we look to, *inter alia*, intermediate state and federal interpretations of New Jersey law to predict how the New Jersey Supreme Court would have resolved the issue.  *Id*.

WL 842009, at *4, 7, 22-24 (D.N.J. Mar. 16, 2007) (holding numerous related asbestos claims excluded from coverage by a clearly worded interrelated wrongful acts provision); *Passaic Valley Sewerage Commissioner v. St. Paul Fire and Marine Insurance Co.*, 20010 WL 772299, at *3-4, 12 (N.J. Super. Ct. App. Div. Mar. 8, 2010) (finding related claims of abuse of regulatory authority were properly excluded by unambiguous interrelated wrongful acts provision). Because the language of the Interrelated Wrongful Acts Provision is unambiguous, we agree that any subjective misunderstanding that may have occurred could not rise to the level of showing that reasonable expectations were frustrated. *See Zacarias*, 775 A.2d at 1264-1265 (quoting *Sparks v. St. Paul Ins. Co.*, 495 A.2d 406, 414 (1985)).

The Prior Firm Endorsement also unambiguously states that the remaining terms of the 2008-2009 Policy would remain unchanged. Policies are read as a whole, together with any attached endorsements. *Hardy*, 965 A.2d at 1169; *see also Aetna Cas. & Sur. Co. v. Morton Intern. Inc.*, 1995 WL 865782, at *2 (N.J. Super. Ct. Law Div. Aug. 7, 1995). Because the Prior Firm Endorsement unambiguously states that remaining terms and conditions of the Policy apply, the District Court found no reason that the average insured would be unable to ascertain the boundaries of the coverage provided.

The District Court found that no reasonable jury could find that the 2009 Wilson Complaint was unrelated the 2007 Bleimaier Counterclaim. It is evident that both complaints refer to the same nucleus of events, notwithstanding the bare allegations contained in the 2007 Bleimaier Counterclaim.

**II.**

3

Finally, in its thorough and well-reasoned November 16, 2011, opinion, the District Court more fully explained why Gladstone and SLBB failed to demonstrate a genuine issue of fact suggesting an objective ambiguity or a lack of sufficient overlap between the claims at issue. Accordingly, we will affirm substantially for the reasons set forth in that opinion.